IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| AMANDA L. LAYMANCE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 3:05-CV-529 |
| | ) |
| JO ANNE B. BARNHART, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

This is an action for judicial review, pursuant to 42 U.S.C. § 405(g), of defendant Commissioner's final decision denying plaintiff's claim for disability insurance and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Social Security Act. For the reasons provided herein, defendant's motion for summary judgment [doc. 14] will be granted, and plaintiff's motion for summary judgment [doc. 12] will be denied.

I.

*Procedural History*

Plaintiff was born in 1979. She applied for benefits in February 2003, claiming to be disabled by lupus, a blood clot behind the right knee, total body pain and swelling, and depression. [Tr. 103]. Plaintiff alleged a disability onset date of January 2, 2003. [Tr. 80, 99]. Her applications were denied initially and on reconsideration. Plaintiff then requested

a hearing, which took place before an Administrative Law Judge ("ALJ") on March 9, 2005.

On May 20, 2005, the ALJ issued a decision denying benefits. He concluded that plaintiff suffers from "systemic lupus erythematosus (SLE) and history of deep venous thrombosis," which are "severe" impairments but not equal, individually or in concert, to any impairment listed by the Commissioner. [Tr. 20]. The ALJ found plaintiff to have a residual functional capacity ("RFC") at the light level of exertion restricted only by the need to avoid continuous exposure to sunlight. [Tr. 23]. He ultimately determined, at step four of the sequential evaluation process, that plaintiff's RFC enabled her to return to her prior light-level work as a cashier or electronics assembler. [Tr. 23]. The ALJ thus concluded that plaintiff is not disabled.

Plaintiff then sought, and was denied, review from the Commissioner's Appeals Council, despite the submission and consideration of additional medical records. [Tr. 5, 8, 257-82, 297]. The ALJ's ruling therefore became the Commissioner's final decision. *See* 20 C.F.R. §§ 404.981, 416.1481. Through her timely complaint, plaintiff has properly brought her case before this court for review. *See* 42 U.S.C. § 405(g).

II.

*Applicable Legal Standards*

This court's review is limited to determining whether there is substantial evidence in the record to support the ALJ's decision. 42 U.S.C. § 405(g); *Richardson v. Sec'y of Health & Human Servs.*, 735 F.2d 962, 963 (6th Cir. 1984). "Substantial evidence"

is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). The "substantiality of evidence must take into account whatever in the record fairly detracts from its weight." *Beavers v. Sec'y of Health, Educ. & Welfare*, 577 F.2d 383, 387 (6th Cir. 1978) (quoting *Universal Camera Corp. v. NLRB,* 340 U.S. 474, 488 (1951)). In reviewing administrative decisions, the court must take care not to "abdicate [its] conventional judicial function," despite the narrow scope of review. *Universal Camera*, 340 U.S. at 490.

A claimant is entitled to disability insurance payments if she (1) is insured for disability insurance benefits, (2) has not attained retirement age, (3) has filed an application for disability insurance benefits, and (4) is under a disability. 42 U.S.C. § 423(a)(1). "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A).

> An individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 423 (d)(2)(A).[1]  Disability is evaluated pursuant to a five-step analysis summarized as follows:

> 1. If claimant is doing substantial gainful activity, he is not disabled.
>
> 2. If claimant is not doing substantial gainful activity, his impairment must be severe before he can be found to be disabled.
>
> 3. If claimant is not doing substantial gainful activity and is suffering from a severe impairment that has lasted or is expected to last for a continuous period of at least twelve months, and his impairment meets or equals a listed impairment, claimant is presumed disabled without further inquiry.
>
> 4. If claimant's impairment does not prevent him from doing his past relevant work, he is not disabled.
>
> 5. Even if claimant's impairment does prevent him from doing his past relevant work, if other work exists in the national economy that accommodates his residual functional capacity and vocational factors (age, education, skills, etc.), he is not disabled.

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 529 (6th Cir. 1997) (citing 20 C.F.R. § 404.1520). Plaintiffs bear the burden of proof during the first four steps. *Walters*, 127 F.3d at 529. The burden shifts to the Commissioner at step five. *See id.*

III.

*Analysis*

Plaintiff raises numerous issues in support of reversal or remand. The court will address these issues in turn.

---

[1] A claimant is eligible for SSI benefits on the basis of financial need and either age, blindness, or disability. 42 U.S.C. § 1382. "Disability," for SSI purposes, is defined the same as under § 423. 42 U.S.C. § 1382c(a)(3).

## A. Steps Four and Five

Plaintiff correctly argues that the ALJ erred by not articulating valid reasons for his wholesale rejection of the assessment of treating physician Scott Davis. On February 22, 2005, Dr. Davis completed a "Medical Assessment of Ability to Do Work-Related Activities (Physical)." [Tr. 253-56]. Therein he opined that, due to her lupus, plaintiff could frequently lift and carry items weighing only up to five pounds. The ALJ incorrectly interpreted that opinion as being consistent with the ability to perform *light* work. [Tr. 23]. The assessment is actually consistent with *sedentary* work, as light work involves frequent lifting and carrying of items weighing up to *ten* pounds. *See* 20 C.F.R. §§ 404.1567(b), 416.967(b). Dr. Davis also predicted limitations in standing, walking, climbing, balancing, crouching, kneeling, crawling, reaching, handling, feeling, pushing, and pulling, along with difficulty working around heights, moving machinery, and temperature extremes. [Tr. 254-56]. Dr. Davis based his stand/walk restriction on lupus and "knee inflammation/swelling." [Tr. 254]. All other restrictions were based solely on lupus. [Tr. 254-56].

The ALJ found that plaintiff retains the RFC to perform a full range of light work limited only by the avoidance of continuous exposure to sunlight. Obviously, this RFC is inconsistent with the opinion of treating physician Davis. The opinions of treating physicians are entitled to great weight when supported by sufficient clinical findings consistent with the evidence. *See Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 287 (6th Cir. 1994). However, the Commissioner may reject the opinion of a treating

physician if it is not supported by sufficient medical data and if the ALJ articulates a valid basis for doing so. *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987); *Harris v. Heckler*, 756 F.2d 431, 435 (6th Cir. 1985).

In addition to mischaracterizing the work level associated with Dr. Davis's assessment, the present ALJ stated that "Dr. Davis' opinions are accorded minimal weight, as they are inconsistent with his own treatment notes, and are inconsistent with the medical evidence as a whole." [Tr. 22]. This statement is dubious, as the record consistently supports the finding that plaintiff indeed suffers from both lupus and a blood clot behind the knee (which is noted to have improved significantly [Tr. 243]), and consulting orthopaedist Edward Kahn opined that lupus is the likely cause of plaintiff's alleged pain. [Tr. 251].

Certainly, the record as a whole does not clearly establish that lupus renders plaintiff unable to work. Conversely, despite the reports of consulting examiner Jeffrey Summers and nonexamining physician Robert Burr, the record as a whole also does not - without further explanation - substantially support the ALJ's conclusion that plaintiff is capable of the full range of light work limited only by avoidance of sunlight. *See Shelman v. Heckler*, 821 F.2d 316, 321 (6th Cir. 1987) (An ALJ is required to set forth a valid basis for rejecting the opinions of treating physicians.).

Nonetheless, on the specific facts of this case, the court finds the ALJ's errors to be harmless. Near the conclusion of the administrative hearing, plaintiff's counsel presented Dr. Davis's assessment to the testifying vocational expert ("VE"). [Tr. 326-27].

6

In response, the VE identified sedentary jobs that plaintiff could perform even if Dr. Davis's opinion was fully credited. [Tr. 327-28, 330]. In his decision, the ALJ cited this testimony as an alternate ground (step five) for finding that plaintiff is not disabled. [Tr. 23]. It is therefore unnecessary to remand this case based solely on the ALJ's step four errors. *See Fisher v. Bowen*, 869 F.2d 1055, 1057 (7th Cir. 1989) ("No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is a reason to believe that the remand might lead to a different result.").[2]

Lastly, the court notes that the ALJ further erred by not asking the VE whether his testimony was consistent with the Dictionary of Occupational Titles ("DOT"), as required by the Commissioner's Policy Interpretation Ruling 00-4p. *See* SSR 00-4p, 2000 WL 1898704 (Dec. 4, 2000). However, plaintiff has not raised this issue on appeal and it is thus deemed waived. Instead, plaintiff merely argues, without citation to supporting authority, that the VE "did not claim DOT as the source of his testimony that Ms. Laymance could perform the three sedentary positions." The meaning of plaintiff's cryptic argument is uncertain, as vocational evidence need not be based on the DOT. *See id.*

If plaintiff's unsupported "DOT" statement is in fact intended to invoke SSR 00-4p, this argument is so severely undeveloped that it is deemed waived. *See United States v. Cole*, 359 F.3d 420, 428 n.13 (6th Cir. 2004) (citation omitted) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed [argumentation], are

---

[2] In light of the court's harmless error conclusion, plaintiff's arguments pertaining to the specific prior jobs identified by the ALJ at step four are moot.

deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones."). Further, plaintiff fails to even suggest a possible conflict with the DOT descriptions. The court is confident that, were there indeed even arguably a potential conflict with the DOT, plaintiff's experienced counsel would have raised that issue in her brief. Again, "[n]o principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is a reason to believe that the remand might lead to a different result." *Fisher*, 869 F.2d at 1057.

B. Development of the Record

Next, plaintiff states,

> The psychological condition of the plaintiff was not well developed on the record. The judge was placed on notice that there was a serious problem through the testimony of the plaintiff, her appearance and demeanor at the hearing, the medical notes of treating physicians, and the prescribing of Wellbutrin.

Plaintiff does not, however, explain what she contends the ALJ should have done to better develop the record. She has therefore waived this issue. *See Cole*, 359 F.3d at 428 n.13.

In the alternative, the court will address what it perceives to be plaintiff's contention - that the ALJ should have ordered a psychological evaluation. Plaintiff became "teary-eyed" at the administrative hearing and pulled her sweatshirt over her face. [Tr. 307]. Dr. Davis has occasionally prescribed Wellbutrin. [Tr. 228, 238]. Plaintiff has purported to be "very depressed." [Tr. 103]. Her mother and a friend have described her as "very hateful," "always screaming at everyone," and "al time cussing arguieng [sic]." [Tr. 125, 130,

8

132].

Conversely, the record does not contain any notation from any medical source suggesting even a mild psychological or emotional limitation. The notes of Dr. Davis do not even explain *why* he has prescribed Wellbutrin. On March 20, 2003, consulting rheumatologist Jeffrey Haas described plaintiff as pleasant and cooperative. [Tr. 191]. On July 9, 2003, Dr. Jeffrey Summers described plaintiff as cooperative, "interact[ing] well . . . and exhibit[ing] no abnormal behaviors or mannerisms." [Tr. 179]. Most strikingly, on July 15, 2003, plaintiff told the Commissioner that "it was the lupus and her physical problems which impaired her, not the depression/nerves." [Tr. 163]. Further, plaintiff's attorney did not ask the ALJ to order a psychological examination, nor did counsel ask for the record to remain open while she herself obtained additional psychological evidence.

It is within an ALJ's discretion to order additional testing if the existing record does not contain evidence sufficient to make a determination. *Foster v. Halter*, 279 F.3d 348, 355 (6th Cir. 2001). The present record, considered as a whole, contained evidence sufficient for the ALJ to decide that plaintiff has no psychological impairment. The ALJ therefore did not abuse his discretion by not ordering a psychological evaluation.

### C. Credibility

Plaintiff challenges the ALJ's finding that her "allegations regarding her limitations [are] less than fully credible." [Tr. 23]. Suggesting that it was in fact the ALJ "who lacked credibility[,]" plaintiff raises three issues.

9

First, she cites conflicting evidence regarding her ability to mow grass. The May 11, 2004 office notes of Dr. Davis plainly state that plaintiff was "in today with a laceration of the right lower extremity below the knee . . . . *She was mowing grass* and the mower caught a sharp object . . . ." [Tr. 235] (emphasis added). Plaintiff and her mother, however, testified at the administrative hearing that it was in fact plaintiff's stepson who was mowing and that plaintiff was merely an inactive bystander. [Tr. 310, 318]. The ALJ credited Dr. Davis's notes, concluding that "she was mowing grass." [Tr. 23]. That conclusion - to credit the written record of a disinterested physician over the testimony of two interested witnesses - was certainly reasonable, and plaintiff's contrary argument misapprehends the concept of substantial evidence review.

> [A]fter listening to what [plaintiff] said on the witness stand, observing [her] demeanor, and evaluating that testimony in light of what appears in the written medical records, the ALJ concluded, rightly or wrongly, that [plaintiff] was trying to make [her] symptoms and functional limitations sound more severe than they actually were. It is the ALJ's job to make precisely that kind of judgment.

*Gooch v. Sec'y of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987); *see also Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (The substantial evidence standard of review grants the ALJ "a zone of choice" within which he can weigh such conflicting evidence.).

Plaintiff also argues that the ALJ erred in discounting her claims of disabling swelling. However, the medical record does not document the severity alleged. When present, swelling is actually noted to be "mild." [Tr. 245].

10

Lastly, plaintiff complains that the ALJ "challenged credibility" because plaintiff became pregnant against her doctor's advice. The court has reviewed the record and notes that the issue of pregnancy was discussed at the administrative hearing and in the factual recitation of the ALJ's decision. There is, however, no indication that the ALJ's credibility determination was in any way based on plaintiff's pregnancy. [Tr. 23].

In sum, the ALJ did not err in finding that plaintiff has overstated her symptoms. Substantial evidence supports the conclusion that plaintiff's swelling is not as severe as alleged. Substantial evidence further supports the conclusion that plaintiff is capable of lawnmowing, and thus is far less physically limited than she contends.

### D. Additional Evidence

Plaintiff also argues that "the information provided at the Appeals Council level should be considered by this Honorable Court as adequate to change the opinion of the administrative law judge." Plaintiff submitted to the Appeals Council more than twenty pages of outpatient records from Ridgeview Psychiatric Hospital reflecting treatment between June and September, 2005. She also submitted a June 2005 note from Dr. Davis confirming "mild" and "occasional" swelling. The Appeals Council considered this additional evidence but denied the request for review.

"[W]here the Appeals Council considers new evidence but declines to review a claimant's application for disability insurance benefits on the merits, the district court cannot consider that new evidence in deciding whether to uphold, modify, or reverse the

ALJ's decision." *Cline v. Comm'r of Soc. Sec.*, 96 F.3d 146, 148 (6th Cir. 1996) (citation omitted). This court can, however, remand a case for further administrative proceedings, but only if the claimant shows that her evidence meets each prong of the "new, material, and good cause" standard of sentence six, 42 U.S.C. § 405(g). *Id.* Sentence six mandates that, before a claim will be remanded for consideration of additional evidence: there must be new evidence presented; that evidence must be material; and there must be good cause for the failure to present it at the hearing level. *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). The claimant bears the burden of proof. *Id.*

Although she is represented by experienced counsel, plaintiff's brief to this court makes no mention of sentence six or its three-pronged test, nor does it contain more than a minimal effort to even generally address sentence six's requirements. The court accordingly finds that plaintiff has waived the issue of sentence six remand. *See Cole*, 359 F.3d at 428 n.13.

Alternatively, plaintiff's new evidence fails to meet the materiality and/or good cause prongs. Plaintiff does not explain why a letter from Dr. Davis could not have been timely submitted to the ALJ. She thus has not shown good cause. Further, Dr. Davis's statement that plaintiff experiences only occasional and mild swelling is merely cumulative of evidence already in the record. Cumulative evidence is not "material." *Young v. Sec'y of Health & Human Servs.*, 925 F.2d 146, 149 (6th Cir. 1990).

Similarly, plaintiff has not shown any good cause for her failure to submit psychological evidence prior to the hearing. Plaintiff could have sought treatment earlier, she could have asked for the record to be held open while she obtained treatment, and/or she could have asked the ALJ to order a psychological evaluation. However, she did none of these things, instead waiting to seek treatment after the ALJ had rendered his decision.

> Counsel had [more than two] entire month[s] to notify the ALJ before the ALJ made his decision, but . . . elected to wait and submit the new evidence to the Appeals Council for the first time. This is clearly not good cause. . . . [Plaintiff] cannot benefit from any failure to notify the ALJ at or following the hearing regarding the need to consider additional psychiatric evidence.

*Cline*, 96 F.3d at 149; *see also Willis v. Sec'y of Health & Human Servs.*, 727 F.2d 551, 554 (6th Cir. 1984) ("Nothing in the record indicates any good cause for the failure to elicit medical testimony . . . prior to the close of the proceedings before the ALJ.").

In sum, plaintiff has waived the issue of sentence six remand and, in the alternative, has failed to demonstrate "good cause" and/or "materiality." If plaintiff is in fact requesting sentence six remand, that request will be denied.

An order consistent with this opinion will be entered.

ENTER:

s/ Leon Jordan
United States District Judge